**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**  Case No.: 6:99-cr-221-Orl-22GJK

**JAMEON CURTIS BROWN**

---

**ORDER**

This cause comes before the Court on a Report and Recommendation (the "R & R") (Doc. No. 92), entered by the Magistrate Judge after conducting a Final Probation Revocation Hearing on June 18, 2015, pursuant to Local Rule 6.01(c)(16). (Doc. No. 90). After an independent *de novo* review of the record in this matter, including Defendant Jameon Brown's ("Defendant") objection, (Doc. No. 95), and the United States of America's (the "Government") response thereto, (Doc. No. 97), the Court agrees entirely with the findings of fact and conclusions of law in the R & R.

### I. BACKGROUND

*A. Procedural History*

On February 7, 2000, Defendant pled guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (Doc. Nos. 23, 26–27), for which Defendant received a 168-month sentence, (Doc. No. 27). After serving his sentence, on February 28, 2012, Defendant began a term of supervised release as provided in his judgment. (*See* Doc. No. 32). As a mandatory condition of supervised release, Defendant was prohibited from, *inter alia*, "commit[ting] another federal, state or local crime." (*Id.* at p. 3).

On April 11, 2014, Defendant allegedly stabbed Bernard Agbelusi and was seen strangling and punching Daju Salters. (Doc. No. 37 at pp. 1–2). As a result of the incident, Defendant was subsequently charged for various crimes in Florida's Ninth Judicial Circuit Court, in and for

Orange County, Florida in Case No. 2014-CF-6094-A-0. (*Id.*). The Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), filed on May 28, 2014, alleges that on April 11, 2014, Defendant committed the following crimes: (1) attempted second degree murder, in violation of Sections 782.04(2) and 777.04, Florida Statutes; (2) aggravated battery, in violation of Section 784.045, Florida Statutes; (3) domestic battery by strangulation, in violation of Section 784.041(2)(a), Florida Statutes; and (4) battery, in violation of 784.03, Florida Statutes. (*Id.*). It is undisputed that in Defendant's state court case a jury acquitted Defendant of all charges.

### B. *Evidentiary Hearing & the Magistrate Judge's Report*

On June 18, 2015, Magistrate Judge Kelly held an evidentiary hearing on the Petition. (Doc. No. 90). At the hearing, the Magistrate Judge received the following as evidence: the depositions and trial transcripts from Defendant's state court proceedings, (Doc. Nos. 81–84), and Government's Exhibits 1–9, and 12, (Doc. No. 91). The record contains the state court deposition testimony of Bernard Agbelusi and Daniel Ramchiratir, (Doc. Nos. 81–82), and the state court trial testimony of Cassandra Germain, Daniel Ramchiratir, Jordan Brown, Bernard Agbelusi, Richard Roman, Babatunde Fatoki, Antwan Wright, William Heflin, Pamela Towns, Officer Shelby Riggs-Hopkins, Detective Angel Burgos, Alisa Daniels, and Defendant, (Doc. Nos. 83-1, 84-1). The Government's Exhibits admitted into evidence at the evidentiary hearing consist of photographs of Bernard Agbelusi's injuries, photographs of Defendant taken at the scene of the incident, Bernard Agbelusi's medical records, recordings of 911 calls made immediately after the incident, McDonald's video surveillance footage, Defendant's May 9, 2014, recorded interview, and a letter from Daju Salters. (*See* Doc. No. 91). At the June 18, 2015, evidentiary hearing, the Magistrate Judge also heard live testimony from Bernard Agbelusi, Officer Shelby Riggs-Hopkins, Detective Angel Burgos, and Probation Officer Darlene Galloway. (Doc. No. 93). The Defendant, after being

advised of his right to remain silent by the Magistrate Judge and counsel, elected not to testify. (*Id.* at 116:12–118:5).

On June 23, 2015, the Magistrate Judge issued his report[1] recommending that the Court (1) find Defendant has violated the terms of his supervised release, and (2) revoke and/or otherwise modify Defendant's supervised release. (Doc. No. 92 at p. 3). In making these recommendations, the Magistrate Judge, after careful consideration of the evidence, found the testimony of the witnesses who actually observed the altercation on April 11, 2014, to be the most credible. (*Id.* at p. 2). Moreover, the Magistrate Judge specifically found that the testimony of Alisa Daniels (a witness who otherwise falls into the above-category) was not credible. (*Id.* at p. 2 & n.1). The Magistrate Judge also discredited the testimony of both Defendant and Daju Salters because, *inter alia*, their respective testimony continuously changed from the date of the incident through the date of the hearing. (*Id.* at pp. 2–3). In the end, the Magistrate Judge found that the Government had demonstrated by a preponderance of the evidence that on April 11, 2014, Defendant did commit aggravated battery with a knife on Bernard Agbelusi, in violation of Section 784.045, Florida Statutes, and battery on Daju Salters, in violation of Section 784.03, Florida Statutes, Violations II and IV of the Petition, respectively. (*Id.* at p. 3 (citing (Doc. No. 37 at p. 2))).[2]

## II. LEGAL STANDARDS

### A. Review of the R & R

The Court reviews a magistrate judge's report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59. After conducting a careful and

---

[1] The Magistrate Judge also announced these same findings from the bench on the day of the hearing, noting that his written report would follow. (*See* Doc. No. 93 at 148:11–150:17).

[2] The Magistrate Judge further found that the United States did not meet its burden on Violations I and III of the Petition. (Doc. No. 92 at p. 3). Neither party objects to this recommendation and the Court does not address it further.

complete review of the findings and recommendations issued by a magistrate judge, the district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *see also Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S. Ct. 744, 74 L. Ed. 2d 964 (1983). A party wishing to object to such recommendations by a magistrate judge must "file specific written objections," and the "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3); *U.S. v. Raddatz*, 447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citations omitted).

### B. Revocation of Supervised Release

"[A] district court may revoke a term of supervised release and impose a term of imprisonment upon a defendant who violates the terms of his supervised release if the government proves such a violation by a preponderance of the evidence." *United States v. Allen*, 523 F. App'x 542, 545 (11th Cir. 2013) (citing 18 U.S.C. § 3583(e)(3)). The Eleventh Circuit reviews a district court's revocation of supervised release for abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994).

As stated above, the Government alleges that Defendant violated the condition of supervised release prohibiting him from committing another federal, state or local crime, by committing battery, and aggravated battery with a knife. Under Florida Law, a person commits a battery when that person: (1) "[a]ctually and intentionally touches or strikes another person against

the will of the other" or (2) "[i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a). In turn, a person commits an aggravated battery when, in committing battery, that person: (1) "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement" or (2) [u]ses a deadly weapon." *Id.* § 784.045(1)(a).

### III. DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's finding that Defendant did batter Daju Salters against her will and did intentionally stab Bernard Agbelusi with a knife against his will, causing great bodily harm. (Doc. No. 95 at p. 1). However, in actuality, this objection is a wholesale challenge to the credibility findings the Magistrate Judge made at the hearing. In finding the state law violations, the Magistrate Judge found the testimony of the witnesses who actually observed the altercation on April 11, 2014 (with the exception of Alisa Daniels), to be most credible. The Magistrate Judge further found that the testimony of Defendant and the statements from Daju Salters were not credible because of the amorphous nature of their recounting of the events between the time of the incident and the date of the evidentiary hearing.

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez–Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Generally, a reviewing court will refuse to disturb a credibility determination unless it is "so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* (quoting *United States v. Eddy*, 8 F.3d 577, 580 (7th Cir. 1993)) (internal quotation marks omitted). In cases such as this one, where a magistrate judge has made a credibility determination based on an assessment of witnesses' in-court testimony, the Court "defer[s] to the magistrate judge's determinations unless his understanding of the facts appears to be unbelievable." *Id.* (internal

quotation omitted). "'[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness.' This requirement is satisfied 'either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses.'" *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010) (quoting *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980)) (alteration in original).[3] "[A] district court is not required to rehear witness testimony when *accepting* a magistrate judge's credibility findings." *United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001) (emphasis added) (citing *Raddatz*, 447 U.S. at 675–76, 100 S. Ct. 2406.

Here, there is no need for an additional hearing. The Court has read and reviewed the deposition and trial transcripts from Defendant's state court case, the Government's Exhibits, and the transcript of the evidentiary hearing held before the Magistrate Judge on June 18, 2015. After careful consideration of the record and the R & R, the Court accepts and adopts the Magistrate Judge's credibility assessments in their entirety. A review of the R & R shows that in assessing the credibility of the various witnesses, the Magistrate Judge paid particular attention to the interests of the parties involved, giving most credit to those parties who were not directly involved in the conflict. The Magistrate Judge detailed the reasons Defendant, Daju Salters, and Alisa Daniels were not credible and therefore why those parties' versions of the events could not be believed. Significantly, the Magistrate Judge discredited these parties based solely on the paper record; neither Defendant, Daju Salters, nor Alisa Daniels testified in front of the Magistrate Judge at the hearing. After reviewing the same record, the Court completely agrees with the Judge Kelly's

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

credibility assessment of those witnesses. The Court further adopts the Magistrate Judge's factual findings as to those other witnesses who observed the altercation between Defendant and Daju Salters. This version of the facts is not so "unbelievable" so as to warrant non-acceptance of those findings. *Ramirez–Chilel,* 289 F.3d at 749; *see also United States v. Emanuel*, 440 F. App'x 881, 883 (11th Cir. 2011) ("Given the substantial level of deference to the factfinder, we defer to the magistrate's credibility determination, because the magistrate's understanding of the facts of the interview does not appear to be unbelievable . . . . [The defendant] has failed to show that the magistrate's understanding of the facts is not plausible or permissible . . . . "). Indeed, in his objection, Defendant points to no specific testimony of any of the discredited witnesses, or any evidence at all for that matter, that makes the credited version of the facts unbelievable. (*See* Doc. No. 95).

The testimony of the witnesses who observed the altercation establishes that Defendant was the initial aggressor when he battered Daju Salters and Bernard Agbelusi. These witnesses testified that they saw Defendant attacking Daju Salters in the parking lot of the McDonald's and that Daju Salters was telling him to stop. Undeniably, this is the reason two bystanders became involved in the altercation in the first place. Furthermore, just as the magistrate judge found, there is no credible evidence to support Defendant's testimony and argument that he was first defending himself from Daju Salters, and second defending himself with the knife from perceived or actual attacks from Bernard Agbelusi and the unidentified white male at the scene.

Upon *de novo* review of the entire record in this case, the Court accepts the credibility assessments and the factual findings of the Magistrate Judge. The Court finds that on April 11, 2014, Defendant did batter Daju Salters against her will and did intentionally stab Bernard Agbelusi with a knife against his will, causing great bodily harm. Therefore, pursuant to 18 U.S.C.

§ 3583(e)(3), the Court finds that the Government has demonstrated by a preponderance of the evidence that Defendant did commit aggravated battery with a knife on Bernard Agbelusi, in violation of Section 784.045, Florida Statutes, and battery on Daju Salters, in violation of Section 784.03, Florida Statutes, Violations II and IV of the Petition, respectively. (Doc. No. 37 at p. 2).

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation entered June 23, 2015 (Doc. No. 92), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant's Objection to the Magistrate Judge's Report and Recommendation, filed on July 6, 2015 (Doc. No. 95), is **OVERRULED**.

3. Defendant **SHALL** personally appear before this Court on **August 19, 2015, at 12P.M. noon**, at the George C. Young U.S. Courthouse & Federal Building, 401 W. Central Boulevard, Sixth Floor, Courtroom 6A, Orlando, Florida, 32801, and **SHALL** show cause why supervised release should not be revoked.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 6, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
United States Magistrate Judge
United States Marshals Service
United States Probation Office
Courtroom Deputy
Jameon Curtis Brown